**Reversed and Rendered; Opinion Filed September 27, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00042-CV**
_____

**CBS STATIONS GROUP OF TEXAS, LLC, Appellant**
**V.**
**CEDRIC BURNS, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-00669**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Nowell

This is an interlocutory appeal from an order denying a motion to dismiss under the Texas Citizens Participation Act (TCPA).[1] Cedric Burns sued CBS Stations Group of Texas, LLC (CBS) for defamation and intentional infliction of emotional distress following the broadcast of a news report that erroneously included a mugshot of Burns instead of another person with the same name. In a single issue, CBS contends the trial court erred because Burns's claims fall within the scope of the TCPA, Burns failed to produce clear and specific evidence showing a prima facie case for each element of his claims, and CBS established a valid defense to the

---

[1] TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011.

claims. We agree with CBS, reverse the trial court's order, render judgment granting the motion to dismiss, and remand for a determination of reasonable attorney's fees and costs and consideration of whether to award sanctions pursuant to civil practice and remedies code section 27.009. TEX. CIV. PRAC. & REM. CODE § 27.009(a).

## Background

CBS operates television station KTVT Channel 11 and is in the business of broadcasting news and articles to the general public. On January 18, 2019, four individuals robbed a bank in Hurst at gunpoint. They were arrested after a high-speed chase. One of the robbers was named Cedric Burns. CBS began preparing a news report on the incident and contacted several agencies for information on the suspects, including the United States Attorney's Office, the Bureau of Prisons, and public databases. After confirming the names and dates of birth of the suspects, CBS requested mug shots of the individuals from the Tarrant County Sheriff's Office. The sheriff's office provided two mug shots, one of which was of the plaintiff in this case, Burns. However, Burns was not the Cedric Burns who was arrested for the bank robbery.

CBS used the mug shot of Burns in its 5:00 p.m. broadcast on KTVT and posted it on its website. Burns alleged that CBS falsely reported in the broadcast and on its website that he had committed nine bank robberies in the area and used his likeness to depict him as a dangerous criminal. Burns received several phone calls after the broadcast about the report and contacted CBS to resolve the issue. He was

told by a managing director that the mistake was made by the Tarrant County Sheriff's Office, not CBS. He alleged that his photograph remained on CBS's local website for two days and he lost business and employment opportunities as a result of the false report. He alleged he suffered extreme anxiety and fear of harassment and had been diagnosed and treated for post-traumatic stress disorder.

CBS presented evidence that after Burns's phone call, it took steps to remove the report from its website and his photograph from follow-up reports before its 6:00 p.m. broadcast. CBS removed the report and photograph from its website before the end of the 5:00 p.m. broadcast. It later discovered that a cached version of the report had automatically been published to KTVT's YouTube channel. CBS removed the cached version as well, and by January 21, 2019, the report had been removed from the YouTube channel.

Burns sued CBS for defamation and intentional infliction of emotional distress on January 14, 2020. CBS filed a motion to dismiss under the TCPA. The day before the hearing on the motion to dismiss, Burns filed a motion for continuance in order to obtain an affidavit from a doctor. At the June 18, 2020 hearing, the trial court heard both the motion to dismiss and the motion for continuance and took them under advisement. Burns filed a response to the motion to dismiss on June 19, 2020. The trial court granted the motion for continuance on June 26, 2020.[2] The trial court

---

[2] CBS filed a notice of appeal on July 27, 2020 contending the motion was denied by operation of law thirty days after the hearing. TEX. CIV. PRAC. & REM. CODE § 27.008(a). This Court dismissed the appeal as untimely because the trial court was within its discretion to grant a continuance pursuant to the supreme

denied the motion on January 4, 2021. CBS then filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12).

## Standard of Review

We review the trial court's ruling on a TCPA motion to dismiss de novo. *Dallas Morning News v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). The TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). Our review requires a three-step analysis. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). Initially the moving party must demonstrate that the legal action against it is based on or is in response to the movant's exercise of the right of free speech, petition, or association. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b). If the movant meets its burden, the nonmoving party must establish by clear and specific evidence a prima facie case for each essential element of its claim. *See id.* § 27.005(c). If the nonmoving party satisfies that requirement, the burden shifts back to the movant to establish an affirmative defense or other ground on which it is entitled to judgment as a matter of law. *Id.* § 27.005(d). If the movant meets its burden in this third step, the trial court must dismiss the action. *See id.*

---

court's emergency order regarding COVID-19. *See CBS Stations Group of Tex., LLC v. Burns*, No. 05-20-00700-CV, 2020 WL 7065827, at *3 (Tex. App.—Dallas Dec. 3, 2020, no pet.) (mem. op.). We stated that the time for the trial court to rule ran from the date of the opinion. *Id*. The thirtieth day after that opinion was January 2, 2021, a Saturday.

–4–

In determining whether a legal action is subject to dismissal under the TCPA, the court considers the pleadings, evidence a court could consider in a motion for summary judgment, and supporting and opposing affidavits stating the facts on which liability or a defense is based. TEX. CIV. PRAC. & REM. CODE § 27.006(a); TEX. R. CIV. P. 166a. A "prima facie case" refers to "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d at 590. It is the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* The clear-and-specific-evidence standard of the TCPA requires more than "mere notice pleading"; the nonmovant must "provide enough detail to show the factual basis for its claim." *Id.* at 591. This requirement, however, does not impose an elevated evidentiary standard or preclude circumstantial evidence. *Id.* "The plaintiff may rely on circumstantial evidence—indirect evidence that creates an inference to establish a central fact—unless 'the connection between the fact and the inference is too weak to be of help in deciding the case.'" *Hall*, 579 S.W.3d at 377 (quoting *In re Lipsky*, 460 S.W.3d at 589).

**Discussion**

Burns admitted in the trial court that the robbery, high-speed chase, and the arrest and identity of the suspects were matters of public concern. CBS's news report regarding those events was an exercise of its right of free speech. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(3) (defining exercise of free speech as communication

made in connection with matter of public concern); *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896 (Tex. 2018) (holding allegations of criminality were matters of public concern under prior version of TCPA); *Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017) (stating public matters include "commission of crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions" (quoting *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975)). Burns's lawsuit is based on or in response to that news report. TEX. CIV. PRAC. & REM. CODE § 27.005(b).

Burns argued in the trial court that CBS was not exercising its right of free speech because the news report was false. However, in conducting our analysis of whether the TCPA applies we do not consider whether the statements were true or false. *See Amini v. Spicewood Springs Animal Hosp., LLC*, No. 03-18-00272-CV, 2019 WL 5793115, at *6 (Tex. App.—Austin Nov. 7, 2019, no pet.) (mem. op.) ("[I]n the context of the first step of our TCPA analysis, asking whether the TCPA applies in the first place, we do not consider whether the communications were defamatory, harassing, or otherwise actionable."); *AOL, Inc. v. Malouf*, No. 05-13-01637-CV, 2015 WL 1535669, at *3 (Tex. App.—Dallas Apr. 2, 2015, no pet.) (mem. op.). We conclude CBS met its burden to demonstrate that the legal action was based on or in response to its exercise of the right of free speech.

Under the second step of the analysis, the burden shifted to Burns to establish by clear and specific evidence a prima facie case for each essential element of his claims. TEX. CIV. PRAC. & REM. CODE § 27.005(c).

A cause of action for defamation requires (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages. *Mohamed v. Ctr. for Sec. Policy*, 554 S.W.3d 767, 774 (Tex. App.—Dallas 2018, pet. denied) (citing *In re Lipsky*, 460 S.W.3d at 593); *see also Brady*, 515 S.W.3d at 883 ("[T]he First Amendment requires private individuals to prove that statements made by media defendants on matters of public concern are false."). "The status of the person allegedly defamed determines the requisite degree of fault. A private individual need only prove negligence, whereas a public figure or official must prove actual malice." *In re Lipsky*, 460 S.W.3d at 593.

The parties did not address in the trial court whether Burns was a public figure and do not do so on appeal. However, because the plaintiff's status determines the degree of fault he must prove, we must decide whether Burns is a public figure or a private citizen. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). "The question of public-figure status is one of constitutional law for courts to decide." *Id.*

Public figures fall into two categories: (1) all-purpose, or general-purpose, public figures and (2) limited-purpose public figures. General-purpose public figures

–7–

are those individuals who have achieved such pervasive fame or notoriety that they become public figures for all purposes and in all contexts. *Id.* Limited-purpose public figures, however, are only public figures for a limited range of issues surrounding a particular public controversy. *Id.* To determine whether an individual is a limited-purpose public figure, the Texas Supreme Court has adopted a three-part test: (1) the controversy at issue must be public both in the sense that people are discussing it and people other than the immediate participants in the controversy are likely to feel the impact of its resolution; (2) the plaintiff must have more than a trivial or tangential role in the controversy; and (3) the alleged defamation must be germane to the plaintiff's participation in the controversy. *Id.* To determine whether the plaintiff has more than a trivial or tangential role in the controversy, a court examines whether the plaintiff (1) actually sought publicity surrounding the controversy, (2) had access to the media, and (3) voluntarily engaged in activities that necessarily involved the risk of increased exposure and injury to reputation. *Id.* at 572–73.

Nothing in the record shows that Burns had such fame or notoriety to qualify as a general-purpose public figure. And while the controversy—the identity of the persons arrested for the robbery and involved in the high-speed chase—was likely a topic of public discussion, there is no evidence that the plaintiff here, Burns, had more than a tangential role in the controversy at the time his photograph was published. There is evidence Burns has a criminal record regarding several other matters, but there is no evidence Burns sought publicity surrounding the robbery,

had access to the media or voluntarily engaged in activities involving an increased risk of exposure and injury to his reputation. We conclude on this limited record that Burns was neither a general-purpose nor a limited-purpose public figure.

When a private citizen sues a media defendant for defamation, the plaintiff must prove "(1) a publication by the defendant, (2) that defamed the plaintiff, and (3) which was published negligently with regard to the truth." *Scripps NP Operating, LLC. v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019) (citing *Neely v. Wilson*, 418 S.W.3d 52, 61 (Tex. 2013)). For the purposes of defamation liability, a broadcaster is negligent if she knew or should have known a defamatory statement was false. *Neely*, 418 S.W.3d at 72. However, liability may not be predicated on a statement "whose content would not warn a reasonably prudent editor or broadcaster of its defamatory potential." *Foster v. Laredo Newspapers, Inc.*, 541 S.W.2d 809, 820 n.15 (Tex. 1976).

The negligence element of the defamation claim is dispositive in this case. Burns filed a response to the motion to dismiss. As evidence, he attached a copy of CBS's motion to dismiss; an email from a CBS attorney to Burns's attorney; a screenshot of Google search results for "cedric burns cbs" on March 28, 2019; Burns's Facebook message on July 15, 2019 showing Google search results for "cedric burns cbs"; Burns's affidavit; a letter from Burns's psychologist; and an undated letter from Savannah Carter-Allen stating that Burns had eight speaking

engagements canceled as a result of the publication of his photograph by CBS. Only Burns's affidavit was sworn.

In his affidavit, Burns testified that his photograph was shown on the CBS evening news in DFW. Soon after, he received numerous calls and texts from individuals about his picture being related to "these horrible crimes." He called the CBS station and spoke to a manager about the problem. All he remembers is her saying she would take care of it. "But she didn't [sic] they ran they [sic] story again, and they kept my picture online and youtube for several weeks later. I have proof from screen shots that I have provided my attorneys." He testified that this caused him tremendous harm and he lost music contracts and speaking engagements because of the false report. He started to feel depressed and began seeing a doctor who diagnosed him with post-traumatic stress disorder.

Burns argued in his response that this evidence showed a prima facie case that CBS published a communication that was false, made to a third party, and resulted in damages. However, neither the response nor the evidence attached addressed the essential element of fault in making the publication. "Fault is a constitutional prerequisite for defamation liability." *McLemore*, 978 S.W.2d at 571. The applicable standard for fault in this case is negligence. *See Scripps NP Operating, LLC.*, 573 S.W.3d at 790.

Even if we consider the unsworn documents attached to Burns's response to the motion to dismiss, there is no evidence that CBS was negligent as to the truth of

the photograph shown in connection with the report on the robbery and high-speed chase. *See* TEX. R. CIV. P. 166a(f) (requiring sworn or certified copies of all papers referred to in an affidavit must be attached to or served with the affidavit). While CBS's motion and its attorney's email do not dispute that Burns was misidentified by the Tarrant County Sheriff's Office, nothing in those documents shows that CBS knew or should have known that the photograph provided in response to its public-information-act request was not the photograph of the person arrested. The remaining documents relate to damages; they fail to show CBS was negligent in publishing the photograph.

We conclude Burns failed to present clear and specific evidence that CBS knew or should have known that publication of the photograph in connection with the report on the robbery was false. Further, there is no evidence supporting a conclusion that a photograph obtained from a law enforcement agency after a public-information-act request using the correct name and birth date of the individual would warn a reasonably prudent broadcaster of its defamatory potential. *See Foster*, 541 S.W.2d at 820.

Burns failed to show by clear and specific evidence a prima facie case on each essential element of his defamation claim. Accordingly, we conclude the trial court erred by denying the motion to dismiss as to the defamation claim. Because Burns failed to produce clear and specific evidence on the element of fault, we need not address CBS's arguments that the report was privileged. *See* TEX. R. APP. P. 47.1;

–11–

*see also* TEX. CIV. PRAC. & REM. CODE § 73.002 (fair reporting and fair comment privileges); *Freedom Commc'ns, Inc. v. Sotelo*, No. 11–05–00336–CV, 2006 WL 1644602, at *3 (Tex. App.—Eastland June 15, 2006, no pet.) (mem. op.) (discussing fair reporting privilege).

Burns also alleged a cause of action for intentional infliction of emotional distress. To recover damages for intentional infliction of emotional distress (IIED), a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998). However, IIED is a "gap-filler" tort which was created for the "limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann –La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). The tort's clear purpose is to supplement existing forms of recovery by providing a cause of action for egregious conduct that might otherwise go unremedied. *Id.* The tort of IIED simply has no application when the actor intends to invade some other legally protected interest, even if emotional distress results. *Id.* Thus, where the gravamen of a complaint is another tort, IIED is not available as a cause of action. *See id.*

The facts that form the basis for Burns's IIED claim are the same as those that form the basis for his defamation claim. He does not refer us to any additional, unrelated facts that support an independent claim for IIED. Because Burns's IIED claim depends on the allegedly defamatory publication of his photograph, he has another remedy and a gap-filler tort is not needed. *See Hoffman-La Roche*, 144 S.W.3d at 447. Because there is no gap to fill in this case, Burns's IIED claim is not viable and he failed to present evidence of a prima facie case on each essential element of that claim. *See Patel v. Patel*, No. 14-18-00771-CV, 2020 WL 2120313, at *10 (Tex. App.—Houston [14th Dist.] May 5, 2020, no pet.); *Young v. Krantz*, 434 S.W.3d 335, 344 (Tex. App.—Dallas 2014, no pet.), *disapproved of on other grounds by In re Lipsky*, 460 S.W.3d 579 (Tex. 2015). We conclude the trial court erred by denying the motion to dismiss on the IIED claim. We sustain CBS's first issue.

The TCPA requires the trial court to award court costs and reasonable attorney's fees to the movant if it grants a motion to dismiss. TEX. CIV. PRAC. & REM. CODE § 27.009(a)(1). The court may award the moving party sanctions. *Id.* § 27.009(a)(2). Because the trial court has not had the opportunity to consider these awards, we remand so that it may do so.

**Conclusion**

We reverse the trial court's order, render judgment granting the motion to dismiss, and remand for a determination of reasonable attorney's fees and costs and

consideration of whether to award sanctions pursuant to civil practice and remedies code section 27.009(a). TEX. CIV. PRAC. & REM. CODE § 27.009(a).

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

210042f.p05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

CBS STATIONS GROUP OF
TEXAS, LLC, Appellant

No. 05-21-00042-CV     V.

CEDRIC BURNS, Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-00669.
Opinion delivered by Justice Nowell.
Justices Molberg and Goldstein
participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant's motion to dismiss is **REVERSED** and judgment is **RENDERED** granting the motion to dismiss and dismissing appellee CEDRIC BURNS's lawsuit against appellant CBS STATIONS GROUP OF TEXAS, LLC with prejudice. This case is **REMANDED** to the trial court for a determination of reasonable attorney's fees and costs and consideration of whether to award sanctions pursuant to civil practice and remedies code section 27.009. Tex. Civ. Prac. & Rem. Code § 27.009(a).

It is **ORDERED** that appellant CBS STATIONS GROUP OF TEXAS, LLC recover its costs of this appeal from appellee CEDRIC BURNS.

Judgment entered this 27th day of September, 2021.